## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**DAVID CATINELLA,**

               **Plaintiff,**

**-vs-**                                                          **Case No. 6:05-cv-1340-Orl-31KRS**

**ROBERT BOSCH TOOL CORPORATION**
**& JOE DOES,**

               **Defendants.**

_____

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. 14) and Plaintiff's Response thereto (Doc. 15).

Plaintiff's Complaint (Doc. 1) asserts two "causes of action," both relating to Plaintiff's use of a router manufactured by Defendant. In his "First Cause of Action," Plaintiff claims that the router was defective, causing the Plaintiff to be injured. It is not clear whether this is a claim for negligence or strict product liability. Plaintiff's "Second Cause of Action" purports to be a failure to warn claim. Plaintiff seeks punitive as well as compensatory damages.

Not much is required to satisfy Rule 8's notice pleading standard. However, Defendant is entitled to more than is set forth here. Accordingly, Defendant's Motion will be granted, in part. In repleading, Plaintiff should set forth his claims in separate "counts" and should state the basis for each claim (*e.g.*, negligence or strict product liability) and the elements which underlie that claim. Florida Statute section 768.72 is not applicable in Federal Court. *Cohen v. Office Depot, Inc.*, 184 F. 3d 1292 (11th Cir. 1999).

Accordingly, Defendant's Motion is GRANTED in part and DENIED in part. Plaintiff's Complaint is DISMISSED. Plaintiff may file an amended complaint within 20 days consistent with this Order. Defendant's Motion to Strike Plaintiff's claim for punitive damages is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 5, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party